UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND CHESTNUT, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00017-JMS-MJD |
| CHARLES DANIELS, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

On December 12, 2016, petitioner Raymond Chestnut filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging 18 separate disciplinary proceedings as Case No. 2:16-cv-0459-WTL-DKL. The Court determined that each disciplinary proceeding had the status of a separate court proceeding and ordered that 17 new habeas actions be filed. This action relates to Chestnut's challenge to the disciplinary proceeding that commenced with Incident Report No. 2547206 at a time he was incarcerated at USP Lewisburg.

Chestnut filed a supplemental petition on February 17, 2017. Dkt. 6. The respondent filed a return to order to show cause on November 27, 2017. Dkt. 31. Thereafter, Chestnut filed an amended petition. Dkt. 34. The Court will discuss Chestnut's claims asserted in his supplemental and amended petitions. For the reasons explained in this Entry, Chestnut's habeas action must be **denied**.

A.  **Legal Standards**

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir.

2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016).

> B. **The Disciplinary Proceeding Regarding Incident Report 2547206**

On February 10, 2014, attorney Jennifer Knepper wrote an Incident Report which stated the following:

> While reviewing a sur-reply inmate Chestnut filed with the U.S. District Court for the Middle Dist. of Pennsylvania, I noticed two exhibits attached by inmate Chestnut which were allegedly signed by the DHO who heard the case the inmate is challenging (IR 2355603). I contacted DHO Brian Chambers who confirmed the writing and signature on the documents was [sic] not his and provided a memo to that effect. Inmate Chestnut filed these documents in a habeas case where he alleges he was denied due process and is attempting to have 27 days of good conduct time restored to his sentence.

Dkt. 32-1 at 6.

A copy of the Incident Report was issued to Chestnut on February 10, 2014. Dkt. 32-1 at 6. The disciplinary process was suspended pending referral of the incident for possible prosecution. The Federal Bureau of Investigation ("FBI") released the Incident Report for discipline at the institution level on February 26, 2014. The Incident Report was then investigated by a lieutenant, who gave Chestnut the opportunity to provide a statement and provided notice of the DHO hearing to him on February 27, 2104. Dkt. 32-1 at 9. The investigating lieutenant then referred the Incident Report to the Unit Disciplinary Committee ("UDC") for further disposition.

Dkt. 32-1 at 8.

Chestnut appeared before the UDC on February 27, 2014. Dkt. 32-1 at 7. Chestnut stated that he was not guilty. The UDC referred the incident report to the DHO for further hearing and because the appropriate sanctions were not available at the UDC level. *Id.* Chestnut was given the opportunity to name witnesses he wished to call and select a staff representative. Dkt. 32-1 at 9. Chestnut chose Officer Avery as his staff representative. Although Chestnut refused to sign acknowledging he had been informed of his rights, the UDC chairman completed a form indicating he had personally advised Chestnut of his rights. Dkt. 32-1 at 10.

Chestnut's hearing before the DHO was held on March 12, 2014. Dkt. 32-1 at 14. Chestnut refused to appear before the DHO. Chestnut informed a staff representative he had chosen for another case that he wanted her to serve as his staff representative on the current case and that he refused to appear before the DHO. The DHO documented Chestnut's waiver of his right to appear. Dkt. 32-1 at 13. Chestnut provided a response to the allegations through his staff representative that he was innocent of all charges and that if the district court accepted his filings then they had to be legitimate. He requested an official from the district court to appear as a witness and requested a handwriting analysis in order to prove he did not forge DHO Chamber's response or signature. He stated he also wanted video footage of when staff delivered the Inmate Request to his cell and requested a polygraph examination. Dkt. 32-1 at 14.

The DHO considered Chestnut's request for a court official to testify that the court received the documents and filed them. The DHO denied this request stating that the information the witness would provide was already provided in the body of the incident report stating that the documents were filed with the district court. Dkt. 32-1 at 15. Chestnut presented no other documents or testimony.

Based on the greater weight of the evidence, the DHO determined Chestnut committed the prohibited acts as written in the Incident Report. Dkt. 32-1 at 17-20. The DHO indicated this finding was supported by the reporting officer's account of the incident, the documentary evidence including the allegedly forged documents, and DHO Chamber's memorandum stating it was not his handwriting on the forms. Dkt. 32-1 at 17-18. The DHO also relied on a publication from the Congressional Research Service defining perjury to determine that the mail had been used for an illegal purpose. Dkt. 32-1 at 18. The DHO considered Chestnut's denial, but found the other evidence more credible. Dkt. 32-1 at 18-19. The DHO also stated he informed Chestnut that polygraph examinations are not applicable to the discipline program. Dkt. 32-1 at 20. The DHO stated the greater weight of the evidence revealed Chestnut forged and submitted the documents to a United States District Court, constituting perjury. Dkt. 32-1 at 20.

The DHO also considered Chestnut's statement that he was not ready to proceed with the DHO hearing. The DHO found that he had over one month between his initial receipt of the Incident Report and the DHO hearing. He also stated that Chestnut provided a very detailed response to the charges through his staff representative. The DHO believed Chestnut's statement that he was not ready to proceed was an attempt to further delay the hearing, and he also noted that Chestnut waived his right to appear. Dkt. 32-1 at 20.

Based on the above information, the DHO sanctioned Chestnut to a disallowance of 41 days of good conduct time, 60 days of disciplinary segregation, and loss of commissary, telephone, and visiting privileges for one year for violation of Code 196, Use of the Mail for an Illegal Purpose. Dkt. 32-1 at 20-21. He also sanctioned Chestnut with a disallowance of 14 days of good conduct time, 15 days of disciplinary segregation, 90 days loss of commissary, visiting, and telephone privileges, and impounded Chestnut's personal property for one year for violation

of Code 314, Forgery. Dkt. 32-1 at 21. Chestnut was advised of his appeal rights and provided a copy of the DHO report on April 1, 2014. *Id.*

C. **Analysis**

Chestnut argues that his due process rights were violated during the disciplinary proceeding. His claims asserted in his supplemental petition filed on February 17, 2017, are that: 1) he did not receive notice of the written copy of the Incident Report or notice of the charges; 2) he was not afforded an opportunity to call witnesses or present evidence in his defense; and 3) after the hearing, he requested a copy of the Hearing Officer's findings and decision but was not provided a copy. Dkt. 6. In his amended petition filed after the respondent's return to order to show cause, Chestnut only asserts his claims that: 1) the DHO failed to consider a written statement; and 2) he was not given notice of the prison rules and regulations on prison discipline when he arrived at USP Lewisburg. Dkt. 34. The Court shall treat his earlier claims as being waived because they are not developed at all and are not mentioned in his amended petition. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("We have repeatedly warned that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).'") (quoting *United States v. Berkowitz,* 927 F.3d 1376, 1384 (7th Cir. 1991)).

For his first claim, Chestnut argues that "during the onset of the DHO hearing," he presented a hand-written statement dated March 10, 2014. The hearing was held on March 12, 2014. He contends that the DHO failed to consider the statement and failed to document it. He alleges that the DHO "hid this evidence from the record and destroyed it, violating Petitioner's due process rights." Dkt. 34 at 6. The statement Chestnut allegedly presented stated:

> I am innocent of the charges written in incident report no. 2547206. I am requesting my cell mate as a witness and the officer working the housing unit on

> the date of the incident. My cellmate and the unit officer can testify that I did not send out any mail. Im [sic] also requesting the incident report expunged because I was not given notice or opportunity to know of prison rules or regulations on inmate discipline before being charged in this case.
>
>     Dated: 3-10-14              From: Chestnut, R.
>                                                       #13465-171

Dkt. 34 at 4, 6.

Chestnut is correct that this particular statement is not part of the record, but he has not shown a sufficient basis to support his allegation that he presented the statement to the DHO at the time of the hearing. In fact, Chestnut did not even come out of his cell for the hearing. Dkt. 32-1 at 15. He refused to attend. His assertion that he "presented" this statement to the DHO is contradicted by the record. In addition, his staff representative did not mention any written statement. Even if Chestnut had presented the statement to the DHO and it was treated as a request for witnesses, Chestnut was not denied exculpatory evidence. Having a witness cellmate or officer say that he "did not send out any mail," first of all is too vague to be helpful, but second, such testimony conflicted with Chestnut's own admission that he mailed the documents at issue to the district court. For all of these reasons, Chestnut was not denied due process in any way relating to his alleged written statement.

For his second claim, Chestnut contends that he "was not given notice or an opportunity to know that it was against prison rules and regulations that Criminal Mail Abuse & Forgery was a violation of bureau policy on inmate discipline." Dkt. 34 at 6. This contention is frivolous. Under no set of prison rules could it be acceptable for an inmate in any facility to forge documents to be filed in court. Moreover, Chestnut was given notice of the particular Incident Report and of his rights related to the disciplinary process. No due process violation occurred under these circumstances. Moreover, he has not identified any prejudice with regard to this

claim so any possible due process violation would result in harmless error. *See Jones,* 637 F.3d at 846-47.

Although Chestnut does not challenge the sufficiency of the evidence, "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274. The Court cannot reweigh the evidence and finds that the Incident Report and the Memorandum from DHO B. Chambers satisfy the "some evidence" standard. The DHO's guilty finding is supported by sufficient evidence.

Chestnut was given adequate notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Chestnut's due process rights.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which would entitle Chestnut to the relief he seeks. Accordingly, Chestnut's petition for a writ of habeas corpus relating to Report No. 2547206 must be **denied** and the action dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

The clerk is requested to **update the petitioner's address on the docket,** as he has been transferred to Big Sandy USP.

**IT IS SO ORDERED**.

Date: 8/10/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT
13465-171
USP BIG SANDY – Inmate Mail/Parcels
P.O. BOX 2068
INEZ, KY  41224


Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov